## NORBERT MAYER *v.* BIAFORE, FLOREK AND O'NEILL ET AL.
### (AC 16156)

Landau, Schaller and Spear, Js.

Argued March 19—officially released June 24, 1997

*Douglas P. Mahoney,* with whom, on the brief, was *Robert R. Sheldon,* for the appellant (plaintiff).

*Karen K. Clark,* with whom was *Jennifer A. Osowiecki,* for the appellees (defendants).

*Opinion*

LANDAU, J. The plaintiff, Norbert Mayer, appeals from the judgment that followed the trial court's granting of the defendants' motion to dismiss in this legal

malpractice action.[1] On appeal, the plaintiff argues that the trial court improperly dismissed the action for lack of subject matter jurisdiction on the basis of ripeness. We affirm the judgment of the trial court.

The following facts are necessary for the resolution of this appeal. On March 30, 1989, the plaintiff was operating his motor vehicle when he was struck by a taxicab owned by Diene Bassirou and operated by Diop Ahmadou (tortfeasors). On May 9, 1989, the plaintiff retained the defendants to pursue a negligence action against the tortfeasors, claiming personal injuries. In May, 1994, the defendants settled the plaintiff's personal injury claim with the tortfeasors for $10,000, thereby exhausting the liability limits of the tortfeasors' insurance policy.

At the time of the accident, the plaintiff was insured under a personal automobile policy issued by Aetna Casualty and Surety Company (Aetna). The policy included provisions for uninsured-underinsured motorist coverage. Although the plaintiff requested underinsured motorist benefits from Aetna, to date, he has not filed suit against Aetna under the underinsured motorist provision in his insurance policy.[2]

On August 30, 1995, the plaintiff commenced this legal malpractice action, sounding in negligence, against the defendants. In his complaint, the plaintiff alleged that he has lost his underinsured motorist claim for monetary damages because the defendants allegedly failed to file an underinsured motorist claim against Aetna within the six year time limit prescribed by Connecticut law and the plaintiff's insurance contract. The defendants also allegedly failed to commence an action against Aetna within 180 days from the date of exhaustion of the tortfeasors' policy limits as provided in No. 93-77, § 2, of the 1993 Public Acts.

[1] Martin J. O'Neill, an attorney with the law firm of Biafore, Florek and O'Neill, is also a defendant in this action.

[2] The plaintiff claims that he has suffered damages in excess of $10,000.

The defendants filed a motion to dismiss the complaint, claiming that the trial court lacked subject matter jurisdiction because the plaintiff's claim was not yet ripe for adjudication. The trial court granted the defendants' motion to dismiss, concluding that until a court, having the proper parties before it, has decided whether the plaintiff's underinsured motorist claim is time barred, the plaintiff's action against the defendants is premature and, therefore, not yet ripe for adjudication.

The trial court properly concluded that the plaintiff's action against the defendants is premature. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. *Catz* v. *Rubenstein*, 201 Conn. 39, 44, 513 A.2d 98 (1986); *Calderwood* v. *Bender*, 189 Conn. 580, 584, 457 A.2d 313 (1983); W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 30, pp. 164–65." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). Here, the plaintiff claims that he lost his underinsured motorist claim against Aetna as a result of the defendants' negligent failure to file a timely action. Because the question of whether the plaintiff's claim against Aetna is time barred has yet to be adjudicated in an action between the plaintiff and Aetna, the issue of whether the defendants breached a duty owed to the plaintiff, assuming a duty to act existed, cannot be determined. If we assume arguendo that Aetna will prevail against the plaintiff, only then can the plaintiff pursue an action against the defendants for legal malpractice.

"Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute: Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points

of law. *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901 (1973) . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . *State* v. *Nardini,* 187 Conn. 109, 111–12, 445 A.2d 304 (1982)." (Internal quotation marks omitted.) *Hallas* v. *Windsor,* 212 Conn. 338, 347, 562 A.2d 499 (1989). Courts are established to decide actual controversies and an appellate court has no jurisdiction to adjudicate cases that are not justiciable. *State* v. *Nardini,* supra, 111. Here, because the plaintiff's claim against Aetna has not been adjudicated, and consequently no determination has been made that the plaintiff is time barred from pursuing his claim against Aetna, no actual controversy exists between the parties in this dispute. We conclude, therefore, that the trial court properly granted the defendants' motion to dismiss due to its lack of subject matter jurisdiction.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The plaintiff asserts that to require him, in this legal malpractice action, to exhaust every available remedy may result in his forever losing his claim. In other words, by the time that a court determines that he has no claim against Aetna, which he maintains is the likely course, the statute of limitations applicable to legal malpractice actions may run. See General Statutes § 52-577.

We note that the consideration of any issues not germane to a determination of the trial court's jurisdiction over the subject matter is not warranted. This includes the consideration of whether the statute of limitations applicable to attorney malpractice suits could run prior to the resolution of a suit against Aetna if the plaintiff brought such a suit. Even if such issues were properly raised, they lack merit. Subject matter jurisdiction may not be conferred in a matter that is not ripe for adjudication merely because the statute of limitations may run before resolution of the underinsured motorist claim against Aetna. Connecticut law has consistently recognized that a statute of repose may on occasion operate to bar an action even before it accrues. See *Zapata* v. *Burns,* 207 Conn. 496, 508, 542 A.2d 700 (1988); *Sanborn* v. *Greenwald,* 39 Conn. App. 289, 301–302, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995).