[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 11, 1997
The facts of this attorney malpractice action have been previously recited by this court in Perna v. Gordon, Superior Court, judicial district of Danbury, Docket No. 31 40 16 (November 12, 1993, Moraghan, J., 8 CSCR 1232), and therefore will not be repeated here. In this proceeding, Richard Gordon has CT Page 8992 moved to dismiss counts three, four and five of the fourth amended revised complaint, dated August 9, 1997, for lack of subject matter jurisdiction.
As in his motion, Gordon contends that the plaintiffs' breach of contract, negligence and CUTPA claims against him arising out of his alleged failure to timely file a legal malpractice claim against co-defendant Ward Mazzucco are not ripe for adjudication because the plaintiffs have a viable alternative cause of action in breach of contract against Mazzucco. Gordon premises his claim on the court's (Carroll, J.) March 19, 1997 ruling denying Mazzucco's motion for summary judgment. In his opinion, Judge Carroll determined that the plaintiffs' claim against Attorney Mazzucco sounds in breach of contract and is therefore governed by the six-year breach of contract statute of limitations, General Statutes § 52-576, and, as such, is not time-barred.Perna v. Gordon, Superior Court, judicial district of Danbury, Docket No. 31 40 16 (March 19, 1997, Carroll, J.).
Relying heavily on Heritage Square Associates v. Blum,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117855 (July 21, 1992, Nigro, J., 7 CONN. L. RPTR. 103, 7 CSCR 992), Gordon contends that a legal malpractice claim is premature if an alternative and viable remedy is available to the plaintiff on the underlying suit. Gordon argues that because the plaintiffs in this action have a viable breach of contract claim against Mazzucco, they have suffered no present loss, and their claim is premature. Gordon claims that in the absence of a present loss, there is no case or controversy for this court to decide, the matter is not ripe for adjudication, and this court is therefore deprived of subject matter jurisdiction.
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Internal quotation marks omitted.) Cannata v.Department of Environmental Protection, 239 Conn. 124, 134 n. 17 (1996). CT Page 8993
Whether a particular dispute is ripe for adjudication implicates the court's subject matter jurisdiction. Mayer v.Biafore, Florek O'Neill, 45 Conn. App. 554, 556-57, 557 n. 3 (1997) ("[s]ubject matter jurisdiction may not be conferred in a matter that is not ripe for adjudication. . . ."). "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires [inter alia] that there be an actual controversy between or among the parties to the dispute. . . ." Id., 556. Absent an actual controversy, the matter is not justiciable and the court lacks jurisdiction to adjudicate the case. Id., 557.
In Mayer v. Biafore, supra, the Appellate Court held that a legal malpractice action based on an attorney defendant's alleged failure to file a plaintiff's claim within the time required by the statute of limitations is not ripe until a court determines that the plaintiff's underlying claim is time barred. In Mayer,
because the question of whether the plaintiff's underlying underinsured motorist claim against the insurance company was time barred had yet to be adjudicated between the plaintiff and the insurance company, the court dismissed the plaintiff's legal malpractice claim against his attorney as premature.
In ruling on co-defendant Mazzucco's motion for summary judgment in the present action, the court (Carroll, J.) already determined that the plaintiffs' negligence legal malpractice claim against Mazzucco is time barred. Perna v. Gordon, Superior Court, judicial district of Danbury, Docket No. 31 40 16 (March 19, 1997, Carroll, J.). In determining whether count one of the plaintiffs' fourth revised amended complaint asserted a claim for legal malpractice or for breach of contract, Judge Carroll concluded:
 There is no dispute between the parties that Mazzucco's alleged [misconduct] occurred, if at all, between September 20, 1988, and November 7, 1988. . . . There is also no genuine issue as to the fact that the present action was commenced against Mazzucco on June 21, 1993. . . . The present action was therefore commenced outside of the three year limitation period contained in General Statutes § 52-577. . . .
Because the court has concluded that the plaintiffs' legal malpractice claim against Mazzucco is time barred, under the rule in Mayer, the plaintiffs' claims against Gordon for allegedly CT Page 8994 failing to timely file the underlying claim are ripe for adjudication.
Gordon claims, however, that in accordance with the Superior Court's decision in Heritage Square Associates v. Blum, supra,
the plaintiffs' legal malpractice claim is premature because an alternative and viable breach of contract claim is available on their underlying suit against Mazzucco. In ruling previously on Gordon's motion to strike, based on the ground that the plaintiffs' claims against Gordon were premature, this court declined to follow Heritage Square, concluding that the reasoning employed in that decision was not persuasive. Perna v. Gordon,
Superior Court, judicial district of Danbury, Docket No. 31 40 16 (November 12, 1993, Moraghan, J., 8 CSCR 1232). This court stated:
 The defendant's reliance on [Heritage Square], which concluded that the defendants could not be held liable because (1) the plaintiff had suffered no present loss, and (2) the plaintiff had a viable alternative remedy in a contract claim which was not barred by the applicable six-year statute of limitations, is not persuasive. While this court has great respect for that court, it does not find itself compelled to defer to that opinion.
In declining to adopt the court's rationale in HeritageSquare that an available alternative claim results in the absence of a present loss and thereby renders an action premature, this court reasoned that:
 [I]t is clear in both spirit and language that sections 133, 136 and 137 [of the Practice Book], if carried to their logical conclusion, provide that a plaintiff should be able to advance alternate theories of recovery against one or more defendants in a single complaint. Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint. . . . Indeed, we have never placed a limitation on a litigant's ability to put forth alternative theories of liability. The search for the truth demands that we submit separate scientific theories to a trier of fact, which may then assess matters of credibility and adopt one theory or the other, or neither. [Citation omitted.]
Therefore, because this court strongly believes that the CT Page 8995 plaintiffs' right to pursue alternate theories and remedies should be protected, and because this action is ripe for adjudication under the rule articulated by the Appellate Court inMayer v. Biafore, supra, this court does, in fact, have subject matter jurisdiction, and the defendant Gordon's motion to dismiss is, accordingly, denied.
MORAGHAN, J.