[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs filed a complaint on August 25, 1994 against the defendants, Chrysler Corporation, Disch Motor Group, Frank S. Marcucci, and the law firm of Cohen and Acampora,[1] alleging damages that it sustained as a result of a one vehicle accident. The vehicle, a 1988 Dodge Ram pickup truck, was owned by Plaintiff Rose Fontanella. Plaintiff Michael Fontanella was operating the vehicle on December 18, 1991, when it "went out of control, struck a post and cable guardrail . . . and then struck a tree." Plaintiff Michael Fontanella alleges that upon impact, the portion of the seat belt retraining him tore or broke, causing him to be thrust into the steering wheel and windshield of the truck. Plaintiff Michael Fontanella alleges that as a result of the seat belt failure, he sustained serious physical injury, post-traumatic stress disorder, and overanxious disorder.[2] Plaintiff further alleges that some of his injuries are likely to be permanent.
The claims against the defendants Chrysler (the alleged CT Page 11234 manufacturer) and Disch Motor Group (the alleged seller) sound in product liability and go to the alleged seat belt failure at the time of the accident. The claims against the defendant Marcucci and the law firm of Cohen and Acampora sound in legal malpractice and are the subject of the present motion to dismiss.
Plaintiff Rose Fontanella alleges that she retained the law firm of Cohen and Acampora to investigate and pursue the products liability action against the manufacturer and seller. Plaintiff alleges that pursuant to Defendant Marcucci's instruction, it assigned title to the Dodge truck to its insurer, Defendant Liberty Mutual Insurance Company. Plaintiff further alleges that Defendant Marcucci and the law firm had an agreement with Defendant Liberty Mutual to preserve the Dodge truck, but; as a result of Defendant Marcucci's negligence, the Dodge truck and seat belt mechanism were destroyed, thus preventing evaluation and confirmation of its alleged defect by an expert. Plaintiffs allege that as a result of the negligence of Defendant Marcucci and the law firm, its right of action against Defendants Chrysler and Disch have been substantially and irrevocably impaired.
On July 22, 1997, Defendant Marcucci and the law firm of Cohen and Acampora filed a motion to dismiss Plaintiffs' malpractice claim on the ground that its prematurity made it non-justiciable, thus depriving the court of subject matter jurisdiction.
Pursuant to Practice Book § 143, the defendants have filed a memorandum in support of its motion to dismiss, and the plaintiffs have filed a memorandum in opposition.
The motion to dismiss "attack[s] the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits, it must be justiciable." Mayer v.Biafore, Florek O'Neill, 45 Conn. App. 554, 556, ___ A.2d ___ (1997). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . .; (2) that the interests of the parties be adverse . . .; (3) that the matter controversy be capable of being adjudicated by judicial power . . .; and (4) that the termination of the CT Page 11235 controversy will result in practical relief to the complainant."Nelson v. State, 230 Conn. 1, 6, 670 A.2d 1288 (1996). "In the absence of a justiciable controversy, the courts have no jurisdiction"; Kleinman v. Marshall, 192 Conn. 479, 484,472 A.2d 772 (1984); as "justiciability . . . implicates the subject matter of the court." Windham Taxpayers Association v. Board ofSelectmen of the Town of Windham, Superior Court, Docket No. 498075, judicial district of Windham, at Windham (March 13, 1995,Foley, J.) (14 CLR 115, 118). Thus, "the motion to dismiss shall be used to assert lack of jurisdiction over the subject matter . . ."; Sadlosk v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1994); based on the lack of a justiciable claim.
"The justiciability of a claim is related to its ripeness."Cumberland Farms, Inc. v. Town of Groton, 45 Conn. App. 514, 517, ___ A.2d ___ (1997); Lake Carriers Ass'n v. MacMullan,406 U.S. 498, 506, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1971). "The ripeness doctrine is the constitutional mandate of case or controversy, U.S. Const. Art. III, [which] requires an appellate court to consider whether a case has matured or ripened into a controversy worthy of adjudication before it will determine the same." Neylanv. Pinsky, Superior Court, Docket No. 347072, judicial district of New Haven (December 6, 1993, Zoarski, J.) (___ CSCR ___). "It's basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements . . . ." Id. (Emphasis added.)
In Mayer v. Biafore, 45 Conn. App. 554, 556, ___ A.2d ___ (1997), cert. granted, Sup. Ct. 15772 (September 18, 1997),[3]
the Appellate Court affirmed the trial court's granting of a motion to dismiss for lack of subject matter jurisdiction on the ground that the plaintiff's legal malpractice action was premature and therefore not yet ripe for adjudication. The personal injury action giving rise to the malpractice action involved a motor vehicle accident in which the plaintiff suffered damages in excess of $10,000. Id., 555. The defendant law firm settled the personal injury action for $10,000, but neglected, according to the plaintiff, to pursue an underinsured motorist claim against the plaintiff's insurer, Aetna, within the time set by law and the insurance contract. Id. The plaintiff sought damages from the defendants for legal malpractice arising out of the defendants' failure to pursue the underinsured motorist claim. Id., 556.
In affirming the trial court's dismissal of the legal CT Page 11236 malpractice action, the Appellate Court reasoned that the plaintiff could not establish two of the elements of legal negligence: duty and its breach. Failure to establish these elements meant essentially that the parties were not adverse, that there was no justiciable controversy. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury . . . here, the plaintiff claims that he lost his underinsured motorist claim against Aetna as a result of the defendants' negligent failure to file a timely action. Because the question of whether the plaintiff's claim against Aetna is time barred has yet to be adjudicated in an action between the plaintiff and Aetna, the issue of whether the defendants breached a duty owed to the plaintiff, assuming a duty existed, cannot be determined . . . [O]nly [if Aetna prevails against the plaintiff] can the plaintiff pursue an action against the defendants for legal malpractice." Id.; see also Neylan v. Pinsky, supra, Superior Court, Docket No. 347072 ("A legal malpractice claim is premature if an alternate and viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged negligence . . . [for] while defendant's alleged negligence may result in a future loss to the plaintiffs on the underlying personal injury claim, the plaintiffs have suffered no present loss as the underlying claim is still pending");Cumberland Farms, Inc. v. Town of Groton, 46 Conn. App. 514, 518-19, ___ A.2d ___ (1997) (dismissal upheld on plaintiffs' claim of inverse condemnation of its real property as premature, for its application for a zoning variance was still pending; "the extent of any damages sustained by plaintiff cannot be determined until resolution of its [zoning application]").
In Fiaschetti v. Vannucci, Superior Court, Docket No. 281533, judicial district of Fairfield, at Bridgeport (September 15, 1994, McGrath) (___ CSCR ___) the court stayed[4] plaintiff's legal malpractice claim as premature for plaintiff had "an alternative state remedy . . . pending in the Stamford Superior Court." The plaintiff claimed that the defendant law firm's failure to file opposing documents on its behalf caused it to lose its federal remedy. The court reasoned that the malpractice action was premature as the possibility of a state court remedy meant that "plaintiffs [could not] prove the damage element in the legal malpractice action . . . The alternative remedy . . . [meant that] plaintiff ha[d] suffered no present loss." SeeHeritage Square Assocs. v. Blum, Superior Court, Docket No. 347072, judicial district of Stamford-Norwalk, at Stamford (July CT Page 11237 21, 1992, Nigro, J.) (7 CSCR 992, 993)("A cause of action law, as opposed to a cause in equity, must be complete before it can be put in suit . . . an action cannot be sustained where the injury is only anticipated as a result of a future act.").
The defendants argue in their memorandum in support of their motion to dismiss that its situation is "substantively identical" to the situation in Mayer v. Biafore as the plaintiffs still have a claim against Chrysler and Disch Motors and therefore the present "malpractice action [should] not lie until the underlying products liability action against [Chrysler and Disch Motors] is resolved, because until then, "no actual controversy exists between the parties in the dispute." Mayer v. Biafore, supra,45 Conn. App. 557.
The plaintiffs argue in their memorandum in opposition that the factual situation in Mayer v. Biafore is distinguishable. They argue that, unlike Mayer, the breach in its case does not have to be adjudicated as it is obvious: "there is no dispute[; ] the evidence has been destroyed." It argues that its damages consist not in the "action [being] wholly unprovable, although it may be, but [in] the degree to which reliance on evidence other than the thing itself has deprived the plaintiffs of the ability to prove their case." The plaintiffs' articulation of injury does not comport with case law, as it fails to recognize that the elements of negligence work in synergy: "Because the question of whether the plaintiff's claim against Aetna is time barred has not been adjudicated . . . the issue of whether plaintiff's breached a duty can not be determined . . ."; Mayer, supra,45 Conn. App. 556; "while the defendant's alleged negligence may result in a future loss . . . the plaintiffs have suffered no present loss as the underlying claim is still pending"; Neylan v.Pinsky, supra, Superior Court, Docket No. 347072; "the extent of any damages sustained by plaintiff cannot be determined until resolution of its [underlying action]"; Cumberland Farms, Inc. v.Town of Groton, supra, 46 Conn. App. 518-19.
The plaintiff's articulation of its damages is likewise confused; it seems to argue that the court would need to measure what it might have been awarded had the subject vehicle lot been destroyed versus what it will be awarded because it will be forced to rely on other evidence — "the issue is . . . the degree to which reliance on evidence other than the thing itself as deprived the plaintiffs of the ability to prove the case." Even were this a reasonable articulation of its damage, the court CT Page 11238 would still need to await the award on their products liability claim.
Therefore the defendants', Marcucci and the law firm of Cohen and Acampora, motion to dismiss the plaintiffs' malpractice claim is granted, as an alternative remedy exists in its products liability claim, making the malpractice claim premature, and therefore non-justiciable. The court is deprived of subject matter jurisdiction and the claim is dismissed.
Zoarski, J. Judge Trial Referee