[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
FACTUAL BACKGROUND
On April 25, 1997, the plaintiff, Farzad Shams, filed a six count complaint against the defendant, Attorney Frederick J. Miano, alleging legal malpractice (count one); breach of contract (count two); negligent misrepresentation (count three); intentional misrepresentation (count four); and violations of the Connecticut Unfair Trade Practices Act (CUTPA) (counts five and six). Shams alleges the following facts.
Shams is currently a resident of Illinois, and was a resident of Connecticut during the period of July, 1992 through September, 1994. Shams had retained Miano to represent. him against Joseph A. Aprile in a personal injury action to recover damages for injuries sustained in a motor vehicle accident that occurred in Illinois on June 1, 1992, when both Shams and Aprile were Illinois residents. Miano indicated to Shams that he was communicating with the tortfeasor's insurance company, but, subsequently, he informed Shams that he was unable to settle the case. On May 31, 1994, Miano commenced an action on behalf of Shams against the alleged tortfeasor, Aprile, in the United States District Court for the District of Connecticut. Aprile moved to dismiss that action for lack of personal jurisdiction and for improper venue. Miano, however, failed to file any response to the motion. On October 26, 1994, the federal district court granted the motion to dismiss, absent objection, and a judgment of dismissal was entered on October 28, 1994.
Miano failed to inform Shams of the dismissal, and failed to CT Page 1718 take any action to have the suit reopened or transferred. Throughout 1994 and 1995, he continued to assure Shams that he was pursuing Shams' case in the Connecticut courts. In February of 1996, Shams discovered that his complaint had been dismissed.
Miano filed a motion to dismiss the present action in its entirety on August 19, 1997. He moves on the ground that the court lacks subject matter jurisdiction because the "case is not ripe for adjudication." Miano filed a memorandum in support of his motion accompanied by three exhibits. Shams filed a memorandum in opposition, also accompanied by several exhibits. Both parties filed supplemental memoranda.
LEGAL DISCUSSION
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). "[S]ubject matter jurisdiction can be raised at any time. . . ." Gagnon v. Planning Commission, 222 Conn. 294,297, 608 A.2d 1181 (1992). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Internal quotation marks omitted.) Figueroa v. C S BallBearing, supra, 237 Conn. 4. "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.)Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). "[T]he Superior Court is deprived of subject matter jurisdiction if the claim is not `ripe' and the law suit is thus not `justifiable."'Greenwich Plaza, Inc. v. Whitman Ransom, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 054081 (March 19, 1996, Tierney, J.). "A legal malpractice claim is premature' if an alternate and viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged negligence." Neylan v. Pinsky, Superior Court, judicial district of New Haven at New Haven, Docket No. 347072 (December 6, 1993, Zoarski, J.). "If the plaintiffs have not suffered a present loss, then their malpractice claim is premature and not ripe." Neylan v. Pinsky, Superior Court, judicial district of New Haven at New Haven, Docket No. 375368 (October 18, 1996, Freedman, J.). CT Page 1719
Relying on the case of Mayer v. Biafore, Florek O'Neill,45 Conn. App. 554, 696 A.2d 282 (1997), Miano maintains that Shams' claims are not ripe because no court has decided whether Shams' underlying cause of action against Aprile is time barred. Miano further argues that "Illinois has a statute similar to C.G.S. Section 52-590 dealing with a defendant's absence from the state.735 ILCS 5/13-208 . . . ." (Miano's Supplemental Memorandum, p. 2). Miano contends that Aprile was absent from Illinois from November 3, 1992 through April 18, 1994, and he concludes, therefore, that at the time Shams' present counsel "took over the file from Attorney Miano, the case against Joseph Aprile by Farzad Shams was still viable in Illinois due to the tolling of the statute of limitations." (Miano's Supplemental Memorandum, p. 2). Miano further contends that the losses that the plaintiff has alleged as a result of alleged CUTPA violations, breach of contract and misrepresentation are all derivative of the malpractice claim. Therefore, if the malpractice claim is not ripe these claims cannot be maintained. Miano further maintains that professional malpractice cannot constitute a CUTPA violation.
Shams contends that the statute of limitations on Shams' underlying personal injury claim has run; accordingly, the malpractice claim is ripe for adjudication, and the motion to dismiss should be denied.
This case is governed by Mayer v. Biafore, Florek O'Neill,45 Conn. App. 554, ___ A.2d ___, cert granted 243 Conn. 912, ___ A.2d ___ (1997).[1] In the Mayer case the Appellate Court affirmed the judgment of the trial court dismissing a legal malpractice action for lack of subject matter jurisdiction on the ground of ripeness. The plaintiff, injured in a 1989 motor vehicle accident, retained the defendants to pursue a negligence action against the tortfeasors. The defendants settled the plaintiff's personal injury claim with the tortfeasors for $10,000, exhausting the liability limits of the tortfeasors' insurance policy. At the time of the accident, the plaintiff was insured by Aetna, and the policy included uninsured-underinsured motorist coverage. The plaintiff had "requested" such benefits from Aetna, but never filed suit against Aetna under the relevant policy provision. The plaintiff commenced a legal malpractice action, sounding in negligence, against the defendants, alleging that he had lost his underinsured motorist claim for money damages because the defendants failed to file a timely underinsured motorist claim against Aetna. The trial court, in CT Page 1720 granting the defendants' motion to dismiss, determined that "until a court, having the proper parties before it, has decided whether the plaintiff's underinsured claim is time barred, the plaintiff's action against the defendants is premature and, therefore, not yet ripe for adjudication. " (Emphasis provided.)Mayer v. Biafore, Florek O'Neill, supra, 45 Conn. App. 556.
The Appellate Court agreed, reiterating the essential elements of a negligence cause of action: duty, breach, causation and actual injury. The court reasoned that "[b]ecause the question of whether the plaintiff's claim against Aetna is time barred has yet to be adjudicated in an action between theplaintiff and Aetna, the issue of whether the defendants breached a duty owed to the plaintiff, assuming a duty to act existed, cannot be determined. If we assume arguendo that Aetna will prevail against the plaintiff, only then can the plaintiff pursue an action against the defendants for legal malpractice." (Emphasis provided.) Mayer v. Biafore, Florek O'Neill, supra,45 Conn. App. 556. The court concluded that "because the plaintiff's claim against Aetna has not been adjudicated, and consequently no determination has been made that the plaintiff is time barred from pursuing his claim against Aetna, no actual controversy exists between the parties in this dispute." Id., 557.[2]
Similarly, in the present case there has been no adjudication by a court in an action involving Shams and Aprile that Shams' personal injury action against Aprile is time barred. "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires . . . that there be an actual controversy between . . . the parties to the dispute: Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law. . . ." (Citation omitted.) Mayer v. Biafore, Florek O'Neill, supra, 45 Conn. App. 556-57. Accordingly, the court will grant Miano's motion to dismiss the legal malpractice claim, (count one).
Count two realleges paragraphs 1-16 of the first count, and further alleges that Miano breached his "contract of representation" with Shams in various ways.
"Our Supreme Court has recognized an action in contract CT Page 1721 against an attorney." Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525, 530, 559 A.2d 712, cert. denied, 212 Conn. 807 (1989), citing Stowe v. Smith, 184 Conn. 194, 198-99, 141 A.2d 81 (1981);Robbins v. McGuinness, 178 Conn. 258, 261-62, 423 A.2d 897
(1979). In determining whether allegations sound in tort or contract, the court looks to the language of the complaint. "Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services." Shuster v. Buckley,5 Conn. App. 473, 478, 500 A.2d 240 (1985). Although a "complaint does not expressly use the word `contract' [however,] a fair and reasonable construction of the phrase `the defendants breached their representation agreement' clearly states a claim in contract. . . ." (Citation omitted.) Mac's Car City, Inc. v.DeNigris, supra, 529. In the Mac's Car City case, the court explained that "[i]n Shuster v. Buckley . . . we found that the tort statute of limitations applied because the complaint in question was couched in the language or tort rather than contract." Id., 530.
In the present case, the allegations in count two are "couched in the language" of contract, rather than tort. The motion to dismiss will be denied as to count two.
Count three, realleging paragraphs 1 through 19 of count one, alleges Miano "was negligent in misrepresenting and/or omitting to provide material facts to plaintiff as set forth herein." count four realleges paragraphs 1 through 19 of count three, and further alleges that Miano "made the misrepresentations or material omissions as set forth intentionally or recklessly with disregard for the rights of plaintiff. "
Counts five and six allege a violation of CUTPA. Count five realleges paragraphs 1 through 21 of count four, and count six realleges paragraphs 1 through 23 of count five.
The allegations contained in counts three, four, five and six, are derivative of the legal malpractice claim contained in the first count. In addition, as to counts five and six, the Connecticut Supreme Court recently concluded that "professional negligence — that is malpractice — does not fall under CUTPA." Haynes v. Yale-New Haven Hospital, 243 Conn. 17,34, 699 A.2d 964 (1997). The court held that "CUTPA covers only CT Page 1722 the entrepreneurial or commercial aspects of the profession of law. The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." Id., 35. Accordingly, counts three, four, five and six will be dismissed.
CONCLUSION
Based on the foregoing, the defendant's Motion to Dismiss (#105), is granted as to counts one, three, four, five and six, and denied as to count two.
So Ordered
Michael Hartmere Judge of the Superior Court