[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
Citing Hotchkiss v. Aetna Life Casualty Co., 224 Conn. 145,617 A.2d 451 (1992), the court denied the defendant's motion to dismiss this underinsured motorist action, which motion was based on the plaintiff's alleged failure to exhaust against other tortfeasors. In Hotchkiss, the court stated, albeit in dicta, that "an action to recover pursuant to the uninsured motorists insurance policy can be timely filed even while claims against the tortfeasor are then being pursued in another forum." Id., 150 n. 6. The defendant has now filed a motion for reconsideration alleging that the plaintiff's failure to exhaust implicates CT Page 3739 matters of ripeness and justiciability. I am convinced that the defendant erroneously confuses the merits of the plaintiff's claim with these doctrines. The defendant's reliance on Mayer v.Biafore, Florek O'Neill, is inapposite and defendant's citation or that case is incomplete. The complete citation is45 Conn. App. 554, 557, 696 A.2d 1282, cert. granted, 243 Conn. 912,701 A.2d 331 (1997). Notably, the Supreme Court officially published its order granting the petition for certification four months before the filing of the defendant's motion for reconsideration and supporting memorandum. See Connecticut Law Journal, October 7, 1997, page 14. The court granted certification to review the following issue: "Did the Appellate Court properly affirm the judgment of the trial court dismissing the plaintiff's legal malpractice complaint on the ground that the claim was not ripe for adjudication?" 243 Conn. 912, 701 A.2d 331 (1997).
The motion for reconsideration is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court