[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this legal malpractice action, the plaintiff, Thomas G. Taylor seeks damages from the defendant Fred Baker, an attorney, and the defendant law firm of Moots, Pellegrini, Spillane Mannion, P.C. The defendants agreed to provide legal services related to the sale of real property to the Payne Road Development Corporation. The complaint, alleges that Baker and the firm represented the plaintiff at the closing where the plaintiff took a promissory note and mortgage in the amount of $635,000.00 from the corporation in exchange for real property. When the corporation could no longer make the monthly payment on the promissory note to the plaintiff, Baker and the firm represented the plaintiff in an agreement whereby the indebtedness of the corporation would be resolved by the transfer of stock to the plaintiff. The agreement contained certain representations and warranties made by the transferors of the stock that were later found to be untrue. The plaintiff alleges that he suffered monetary damages as a result of the failure of Baker and the firm to properly investigate and confirm the information contained in the representations and warranties. The plaintiff filed a complaint in four counts against Baker and the firm on May 3, 1999, sounding in breach of contract and legal malpractice.
Baker filed a motion to dismiss the complaint for lack of subject matter jurisdiction and a supporting memorandum on November 1, 1999. CT Page 7018 Baker alleges that the legal malpractice claim is not ripe for adjudication because the plaintiff has not yet pursued his claims against the sellers of the corporation and, therefore, cannot demonstrate that the alleged legal malpractice caused him damages. The plaintiff filed an objection to the motion and supporting memorandum on November 10, 1999, alleging that resolution of the underlying causes of action in the complaint is not a condition precedent to bringing a legal malpractice action. Alternatively, he alleges that the underlying cause of action was resolved by virtue of a settlement agreement dated March 24, 1999. The motion to dismiss was denied by the court (Frazzini, J.) on November 22, 1999. No oral argument was heard and no memorandum of decision was issued. Baker filed a motion to reargue on December 9, 1999, the motion was granted by the court (Frazzini, J.) on December 23, 1999, and the court (Pickett, J.T.R.) heard oral argument on January 10, 2000. Prior to ruling on this motion, the Honorable Walter M. Pickett, Jr. died on April 19, 2000. The motion was heard on May 8, 2000 by this court.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss, tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time."Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294 (1987). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308 (1998).
Ripeness and justiciability are interrelated. Abbott Laboratories v.Gardner, 387 U.S. 136, 148-49, 87 S.Ct 1507, 18 L.Ed.2d 681 (1967). Courts are established to resolve actual controversies so that before a claimed controversy is entitled to a resolution on the merits, it must be justiciabie. "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." Mayer v. Biafore, 245 Conn. 88, 91
(1998). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." Id. "[T]he plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) CT Page 7019 damages." Id., 92.
Baker alleges that because the plaintiff has not asserted any claim against the sellers of the corporate stock or availed himself of the indemnification provision of the stock purchase agreement, he cannot prove that Baker's malpractice caused him to incur damages. For this reason, Baker alleges that the plaintiff's claim is not ripe and, therefore, not justiciable. The court does not agree. The plaintiff is not required to resolve all underlying disputes before he may file a legal malpractice action, even though the issues of causation and damages are contested. See id. Assuming the facts as alleged in the complaint and those necessarily implied, the court finds that the plaintiff successfully states a cause of action in attorney malpractice and that the case is justiciable.
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it."Doe v. Roe, 246 Conn. 652, 661 (1998). "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 728 (1999). "[O]ne of the great decisions of the Supreme Court, Baker v. Carr,369 U.S. 186 (1961), puts to rest the idea that mere arguments over jurisprudential concerns implicate subject matter jurisdiction in most instances. . . . Dismissal of the complaint upon the ground of lack of jurisdiction of the subject matter would, therefore, be justified only if that claim were `so attenuated and unsubstantial as to be devoid of merit,' or `frivolous'. That the claim is unsubstantial must be "very plain.'" (Internal quotation marks omitted.) Broadnax v. City of NewHaven, Superior Court, Judicial District of New Haven at New Haven, Docket Number: 412193 (September 15, 1998, Pittman, J.) (23 Conn. L. Rptr. 45). Based on the facts alleged in the complaint, the claim made by the plaintiff is not so insubstantial as to implicate subject matter jurisdiction. Furthermore, this court is competent to entertain a legal malpractice action. The court does not lack subject matter jurisdiction in this case.
For the foregoing reasons, the motion to dismiss is denied.
DiPentima, J.