WILLIAM L. HUNTTING *vs.* THE HARTFORD STREET RAILWAY COMPANY.

*Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An injunction will not issue to restrain a threatened injury which the defendant avers, and the plaintiff by demurrer admits, will not be material.

Nor can such threatened or anticipated injury avail to support a claim for damages.

Power to take by lease from a connecting railroad company implies power in the latter to give one.

The lawful lessee of a franchise to construct and operate a railway has,

as such, a right to construct and operate it during the term of the lease.

Argued June 15th—decided July 13th, 1900.

ACTION to restrain the defendant from cutting or trimming shade trees upon the highway in front of the plaintiff's premises, brought to the Superior Court in Hartford County and reserved by that court, *Robinson, J.*, upon demurrer to the answer, for the consideration and advice of this court. *Superior Court advised that answer is sufficient.*

*Percy S. Bryant*, for the plaintiff.

*E. Henry Hyde*, for the defendant.

BALDWIN, J. The complaint states in substance that the defendant has commenced the construction of an electric street railway upon a part of a highway known as Burnside Avenue, in front of the plaintiff's premises; that it has no authority to construct a railway upon that part of that street; and that it threatens, for the purpose of such construction, substantially to destroy a row of shade trees belonging to him which stand upon the street.

It is averred in the answer that the defendant has the right to locate and operate an electric street railway in Burnside Avenue at the place in question; that it located such a railway there by plans duly approved by the selectmen; that it has completed its construction except the stringing of overhead trolley wires; that to string these and operate the railway it is necessary to trim some of the trees in the street, at the place in question; that the selectmen have given it permission to trim them for these purposes; that it intends to trim them only so much as may be necessary for such purposes; and that such trimming will not materially injure the trees.

The last of these allegations, the truth of which is admitted by demurrer, is decisive against the issue of an injunction. That is a writ which does not issue to prevent immaterial injury. *Smith* v. *King*, 61 Conn. 511.

This objection, however, does not apply to such claim for damages as is set up on account of the construction of a street railway, without authority of law, on land owned in fee by the plaintiff. It is therefore necessary to inquire, by reference to the legislation under which the defendant claims, and of which the court takes judicial notice (General Statutes, § 1087), which party is right in regard to its construction and effect.

It was among the franchises granted to the defendant, to purchase or take leases of the property and franchises of any other street railway companies, with which its tracks might connect. 5 Special Laws, 619; 10 id. 69; 11 id. 1082; 12 id. 208, 682. The East Hartford and Glastonbury Horse Railroad Company, being one of these connecting companies, and authorized by its charter to lay tracks on Burnside Avenue at the place in question, leased all its property and franchises to the defendant, for the term of thirty years, shortly before the latter constructed its track there. It was authorized to make such a lease by the charter of the defendant. Power to receive a lease from a connecting railroad corporation implies power, in favor of the latter, to give it. *New York & N. E. R. Co.* v. *New York, N. H. & H. R. Co.*, 52 Conn. 274.

The lawful lessee of a franchise to construct and operate a railway has, as such, a right to construct and operate it during the term of the lease; and so the averments as to the power of the East Hartford and Glastonbury railroad company to lay tracks in Burnside Avenue, and as to the lease taken from it, were a sufficient statement that the defendant possessed that power.

The answer therefore shows that the plaintiff has no cause of action for the occupation of his land for the construction of the defendant's railway.

The only remaining question is as to the threatened injury to the trees upon it. As already stated, it would not be so irreparable as to justify an injunction; nor can it avail to support the claim for damages. A cause of action of a legal (as distinguished from an equitable) nature must be com-

plete before it can be put in suit. *Woodbridge* v. *Pratt &* *Whitney Co.*, 69 Conn. 304, 334. Here an injury is only anticipated as the result of a future act.

The Superior Court is advised that the answer is sufficient. Costs in this court will be taxed in favor of the defendant.

In this opinion the other judges concurred.

