[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS (#106)
This is a legal malpractice action brought by the plaintiff, Michael J. Townsend ("Townsend") against his former attorney, Nathaniel Shipp ("Shipp"). The lawsuit alleges professional negligence and related causes of action stemming from Shipp's representation of Townsend in the matter known as Michael J. Townsend v. Clairol, Inc. et al, Docket Number 3:97 CV 92599 (AWT) which is pending in the United States District Court, District of Connecticut. This federal case seeks damages for employment discrimination. CT Page 6996
Townsend's complaint in the present action alleges six counts. Count one alleges professional negligence in connection with Shipp's level of representation in the federal case. In paragraph 17 of count one, Townsend claims that his "right to recover damages for discrimination is irreparably damaged." Count two alleges breach of contract based on the same alleged facts. Count two incorporates paragraph 17 of count one. Count three alleges negligent misrepresentation. Count three also incorporates paragraph 17 of count one. Count four alleges intentional misrepresentation and is otherwise identical to count three. Count five alleges unfair trade practices in violation of General Statutes §42-110b(a) ("CUTPA"). In paragraph 29 of count five, Townsend asserts
 "As a result of defendant's conduct, the plaintiff has suffered an ascertainable loss of money equal to the amount of damages he would have recovered in his suit against Clairol Inc. and Richard Thompson."
Count Six also alleges a CUTPA violation based on reckless indifference to the rights of the plaintiff. Paragraph 30 of count six makes the same claim as paragraph 29 of count five quoted above.
Shipp has moved to dismiss Townsend's complaint asserting that because the controversy is not ripe, the court lacks subject matter jurisdiction to decide the case. For the reasons set forth below, the motion to dismiss is granted.
LEGAL STANDARD
"Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." Figueroa v. CS Ball Bearings, 237 Conn. 1, 4 (1996). The issue of subject matter jurisdiction can be raised at any time,Gagnon v. Planning Commission, 222 Conn. 294, 297 (1992). Once the question of lack of jurisdiction of a court is raised, the court must fully resolve it before proceeding further with the case. Figueroa v. CSBall Bearing, supra, 237 Conn. 4, In deciding a motion to dismiss, the court must consider the allegations of the complaint in their most favorable light. Savage v. Aronson, 214 Conn. 256, 264 (1990).
A case that is nonjusticable must be dismissed for lack of subject matter jurisdiction. Mayer v. Biafore, Florek and O'Neill, 245 Conn. 88,91 (1998). "Justicability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversey be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical CT Page 6997 relief to the complainant." (Internal quotation marks omitted.) Pamela B.v. Ment, 244 Conn. 296, 311 (1998).
In an attorney malpractice action, the plaintiff must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. Mayer v.Biafore, Florek O'Neill, supra, 245 Conn. 92. If the plaintiff has not suffered a present loss, then the malpractice claim is premature and not ripe. Neylan v. Pinsky, 18 Conn.L.Rptr. No. 1, 30 (December 9, 1996, Freedman, J.). The superior court is deprived of subject matter jurisdiction if the claim is not ripe and therefore not justicable.Sadlowski v. Manchester, 228 Conn. 79, 83 (1993). Stated another way, a cause of action at law, as opposed to a cause in equity, must be complete before it can be put in suit. Huntting v. Hartford St. Ry. Co. 73 Conn. 179
(1900). Such an action cannot be sustained where the injury is only anticipated as a result of a future act. Id.
DISCUSSION
Shipp argues that because the federal employment discrimination case remains pending, Townsend has not suffered a present loss. It is undisputed that the federal case remains pending.
In essence, in each of the six counts of the present complaint, Townsend seeks as damages the difference between the amount he should have recovered in the federal case and the amount he actually recovered. This is not a case where Townsend seeks damages that are completely independent of these sought in the underlying case. See Tillery v.Mosley, 1998 WL 310866, (Conn.Super. 1998) (claim for emotional distriss); Tomback v. Lyons, 1997 WL566046, Conn. Super. 1997 (plaintiff alleged damages independent of underlying foreclosure suit). Nor is this a case where principles of judicial economy apply so as to relieve the plaintiff from commencing a separate action to resolve an issue that can be adjudicated in the malpractice case. See Mayer v. Biafore, Florek O'Neill, supra, 245 Conn. 92 (issue of whether uninsured motorist action was time barred could be resolved by trier in malpractice case).
In his brief Townsend claims to seek damages for his time and effort in handling his federal case pro se. The file reflects that Townsend initially commenced the federal lawsuit pro se. Thereafter, he hired Shipp as his lawyer. Townsend subsequently discharged Shipp and the district court granted Shipp's motion to withdraw. Even assuming that the work associated with self representation are recoverable damages, their extent cannot be determined until resolution of the federal case.Cumberland Farms, Inc. v. Town of Groton, 46 Conn. App. 514, 518-19
(1997). More importantly, having commenced the lawsuit pro se, and CT Page 6998 thereby assumed the burden of its prosecution, the damages arising out of Shipp's alleged negligence are not that Townsend has to do the work, but rather that he will obtain a diminished recovery. Such damages are contingent on the result of the pending federal matter.
In sum, because all of Townsend's claims for damages are derivative of the result anticipated in the yet unresolved federal case, the claims are not ripe. Since claims that are not ripe are not justiciable, the court lacks subject matter jurisdiction. Accordingly the motion to dismiss must be granted.
For the reasons set forth above, the defendant's motion to dismiss is granted.
So ordered at New Haven, Connecticut this 8th day of June, 2000.
Devlin, J.