NORBERT MAYER *v.* BIAFORE, FLOREK AND O'NEILL ET AL.
(SC 15772)

Borden, Norcott, Katz, McDonald and Peters, Js.

Argued March 24—officially released June 9, 1998

*Robert R. Sheldon*, with whom, on the brief, was *Douglas P. Mahoney*, for the appellant (plaintiff).

*Karen K. Clark*, with whom was *Jennifer A. Osowiecki*, for the appellees (defendants).

*Opinion*

MCDONALD, J. The sole issue in this certified appeal is whether the plaintiff, Norbert Mayer, must obtain a judicial determination that the statute of limitations bars his claim for uninsured motorist benefits before he can bring this legal malpractice action against the named defendant, Biafore, Florek and O'Neill, and the defendant Martin J. O'Neill, an attorney with that law firm.

The plaintiff brought a legal malpractice action against the defendants, his former attorneys, alleging that the defendants had failed to file an action against Aetna Casualty and Surety Company (Aetna), his automobile insurance carrier, for uninsured motorist benefits, and that such an action was now barred by the limitations period provided both by law and by Aetna's policy. He further alleged that because of the defendants' actions he could not recover uninsured motorist benefits from Aetna.

The defendants moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The defendants claimed that the plaintiff's malpractice action was not ripe because he still might prevail in an action against Aetna for uninsured motorist benefits. The trial court agreed, and dismissed the plaintiff's complaint. The plaintiff appealed to the Appellate Court.

The Appellate Court affirmed the judgment of the trial court, concluding that "because the plaintiff's claim against Aetna has not been adjudicated, and consequently no determination has been made that the plaintiff is time barred from pursuing his claim against Aetna, no actual controversy exists between the parties in this dispute." *Mayer* v. *Biafore, Florek & O'Neill,* 45 Conn. App. 554, 557, 696 A.2d 1282 (1997). The certified issue in this appeal is as follows: "Did the Appellate Court properly affirm the judgment of the trial court dismissing the plaintiff's legal malpractice complaint on the ground that the claim was not ripe for adjudication." *Mayer* v. *Biafore, Florek & O'Neill,* 243 Conn. 912, 701 A.2d 331 (1997). Because we conclude that an antecedent determination by a court that the plaintiff's uninsured motorist action against Aetna is time barred is unnecessary, we reverse the judgment of the Appellate Court.

The trial court found the following facts with respect to the motion to dismiss. "On September 18, 1995, the plaintiff . . . filed a one count complaint against the defendants . . . alleging a cause of action for legal malpractice. The plaintiff retained the defendants to represent him in a personal injury action involving a motor vehicle accident in New York on or about March 31, 1989. On or about May 5, 1994, the defendants settled the plaintiff's personal injury suit with the tortfeasors for $10,000, the limit of [the tortfeasors'] liability insurance policy. The plaintiff, however, suffered damages in excess of $10,000. At the time of the accident, he

was insured with [Aetna]. Aetna's policy provided the plaintiff with $300,000 in underinsured motorist coverage. Aetna denied the plaintiff's request for underinsured motorist benefits." It is undisputed that the plaintiff has not filed an action against Aetna to recover uninsured motorist benefits.

The plaintiff claims that there is an actual controversy. The controversy is whether the defendants' alleged negligence caused him to lose his right to pursue a claim for recovery of benefits. He further claims that the controversy became ripe when his uninsured motorist action legally was subject to dismissal because of the bar of the statute of limitations.

The defendants counter that, because the statute of limitations did not begin to run until the defendants settled the claim against the tortfeasors on behalf of the plaintiff on May 5, 1994, the plaintiff's uninsured motorist action is not barred by the statute of limitations. Alternatively, the defendants argue that Aetna may choose not to raise the statute of limitations as an affirmative defense. Therefore, they contend that until a court determines, after the statute of limitations defense is asserted by Aetna, that the statute of limitations has run, the plaintiff's malpractice action against the defendants is not ripe for adjudication. We agree with the plaintiff.

A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. *Kleinman* v. *Marshall*, 192 Conn. 479, 484, 472 A.2d 772 (1984). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.)

*Pamela B.* v. *Ment*, 244 Conn. 296, 311, 709 A.2d 1089 (1998).

We conclude that an actual controversy exists in this case. In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. 4 R. Mallen & J. Smith, Legal Malpractice (4th Ed. 1996) § 32.9, pp. 172–74. To prove causation and damages here the plaintiff must establish that the defendants' failure to file an action against Aetna within the statute of limitations period caused him harm because his uninsured motorist action is now time barred. See, e.g., *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky*, 231 Conn. 168, 646 A.2d 195 (1994); 4 R. Mallen & J. Smith, supra, pp. 174–75.

The fact that the defendants contest the issues of causation and damages does not require the plaintiff first to file an action against Aetna. Merely because the issues in this case concern claims between a party and a nonparty does not require such an action. To require the plaintiff to obtain a separate ruling that his uninsured motorist action is time barred does not further judicial economy. We should not, unnecessarily, add extra cases to the already overcrowded court dockets. All legal malpractice cases are based on underlying rights, for which the plaintiff originally sought legal representation. To require that the underlying dispute as to those rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiff's remedy against the allegedly negligent lawyer. Here, because the trier of fact hearing the plaintiff's malpractice case must determine, on the basis of proper instructions as to the law, whether an uninsured motorist action is time barred, there is no need for a prior determination that the statute of limitations has run as a condition precedent to the plaintiff pursuing this case.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to that court for further proceedings according to law.

In this opinion the other justices concurred.