[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
This is a legal malpractice action arising out of the alleged failure of the named defendant and his former law firm to take steps to preserve evidence in a products liability action against the manufacturer and seller of a truck in which the plaintiff was injured when a seat belt allegedly failed. The defendants moved to dismiss, alleging a lack of in personam and subject matter jurisdiction. On February 4, 1999, the undersigned rendered a decision granting the motion to dismiss as to the defendant law CT Page 9245 firm, Cohen and Acampora, based on a lack of in personam
jurisdiction. The parties agreed to defer to another day the contention of the remaining defendant that the claims against him are non-justiciable because the underlying product liability action is still pending. Today is that other day.
At the time of the original oral argument on the motion to dismiss, the parties had just learned that the court, Fracasse, J., had granted summary judgment in the underlying product liability case, and they wished to reassess their positions in light of that development. The plaintiffs then filed a notice of appeal of Judge Fracasse's decision, and the defendant now argues that because the underlying case is therefore still "pending," the malpractice case against him is unripe and non-justiciable, and the court therefore lacks subject matter jurisdiction.
As a threshold matter, it must be noted that the plaintiffs originally filed their action against Chrysler Corporation and Disch Motor Group (the product liability defendants), and Frank S. Marcucci and the law firm of Cohen and Acampora (the malpractice defendants), in an action entitled Michael Fontanellaet al. v. Chrysler Corporation et al., CV94-0364764. In that matter, Judge Zoarski granted the malpractice defendant's motion to dismiss on non-justiciability grounds in accordance with the case of Mayer v. Biafore, Florek and O'Neill, 45 Conn. App. 554
(1997). The defendants urge that the motion should be granted in this case as well on the basis of res judicata, but as all parties have pointed out, Mayer was reversed by the Supreme Court in 1998. Mayer v. Biafore, Florek and O'Neill, 245 Conn. 88
(1998). Because the Appellate Court's decision in Mayer
essentially held that no legal malpractice case could go forward until the underlying claim had been adjudicated, and the Supreme Court indicated that this rule was not absolute, it would be inappropriate to grant the motion to dismiss on res judicata grounds. Rather, the court must examine the posture of the present case in light of the Supreme Court's decision in Mayer
and determine whether, in light of that decision, the malpractice claim is justiciable.
The Supreme Court did not hold that it was no longer necessary in any legal malpractice case to resolve the underlying claim before proceeding against the allegedly negligent attorney. Rather, the Supreme Court stated: "All legal malpractice cases are based on underlying rights, for which the plaintiff originally sought legal representation. To require that the CT Page 9246 underlying dispute as to those rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiffs remedy against the allegedly negligent lawyer." Mayer, 245 Conn. at 92 (emphasis added). It is clear from the words "in all cases" that the Supreme Court, while abolishing a blanket rule that prohibited proceeding on a legal malpractice case while the underlying matter was still pending, did not establish a new rule that permitted such a practice in all cases. Rather, the Supreme Court's decision requires trial courts to decide whether the determination of damages is contingent upon other matters and whether other viable remedies are available.
Unlike the situation in Mayer, which involved a cause of action allegedly lost because it had been barred by the statute of limitations, this action involves the question of whether the attorneys' alleged failure to take appropriate action to preserve critical evidence caused the plaintiff to lose his cause of action against the original defendants. Although, as the Supreme Court pointed out in Mayer, the statute of limitations question could be as easily resolved in the context of a malpractice case as in the context of the underlying action, the situation presented by this case involves a much more complicated set of legal and factual issues. Now that the trial court has dismissed the underlying action and an appeal has been taken, the Appellate Court and/or the Supreme Court will have to resolve those matters before the questions presented by the present action may become justiciable. Moreover, until and unless the underlying claim is definitively resolved against the plaintiff, he still has other viable remedies available to him in that action. (See, generally,United Coastal Industries v. Clearhart Construction Company,Inc., et al., Docket No. CV98-0487794S Superior Court, Judicial District of New Britain (Robinson, J., December 24, 1998).
The present malpractice action is therefore premature and, therefore, non-justiciable.
The motion to dismiss is granted.
Jonathan E. Silbert, Judge