[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT UPON DEFAULT #103
The plaintiff, Zeal Owens, by and through her next friend, Audrey Fleming, filed a complaint appealing a probate decree appointing the defendant, Kenneth Owens, conservator instead of her preferred nominees for co-conservators, her daughter, Audrey Fleming and her granddaughter, Deanna Cabral. The plaintiff filed a motion for judgment upon default on June 2, 1999. The defendant died on August 27, 1999.
The death of the defendant has rendered this case moot, and the court, sua sponte, dismisses this case. "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal . . ." CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 551 n. 5, 698 A.2d 245 (1997). "A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." "Crest Pontiac v. Hadley, 239 Conn. 437, 439 n. 3,685 A.2d 670 (1996). Due to the death of the defendant, the court finds this appeal is no longer justiciable. "[B]efore a claimed controversy is entitled to a resolution on the merits it must be justiciable." Hallas v. Windsor, 212 Conn. 338, 347, 662 A.2d 499
(1989). Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute; (2) that the interests of the parties be adverse; (3) that the matter in controversy be capable of being adjudicated by judicial power; and (4) that the determination of the controversy will result in practical relief to the complaint. Mayer v. Bifore, 245 Conn. 88,91, 713 A.2d 1267 (1998). Because the defendant in the present case has died, the court finds there is no longer "an actual CT Page 15688 controversy" nor "parties to dispute" and this appeal has been rendered moot.
Therefore this appeal is dismissed.
JOHN W. MORAN, JUDGE