[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
On September 8, 1999, the plaintiff, Miller's Pond Co., LLC, filed a two count complaint[1] against the Commissioner of the Department of Public Health (DPH), the Commissioner of the Department of Environmental Protection (DEP), the City of New London (City) and the Town of Waterford (Town). This action arises out of the DPH's approval of the City's 1988 water supply plan and the Town's 1989 water supply plan along with the DPH's review of the City and the Town's 1998 water supply plans. The plaintiff is the owner of record of property known as Miller's Pond, a seventy-seven acre man-made lake, located in Waterford, Connecticut.
General Statutes § 25-32d[2] and § 25-32d-1 (b)[3] of the Regulations of Connecticut State Agencies require each water company serving 1000 or more persons or 250 or more consumers to submit a written water supply plan to the DPH. In 1993, the DPH approved the City's 1988 water supply plan that identified the plaintiffs property as a future source of water within the City's surface supply system, recommended purchasing the plaintiffs property and developing it as an additional source of water supply and stated that the plaintiffs property will be used in contingency procedures for water supply emergencies as a source of water. Also in 1993, the DPH approved the Town's 1989 water supply plan that identified the plaintiffs property as the only significant potential surface water supply in the Town and stated that the plaintiffs property will be used in contingency CT Page 5654 procedures for water supply emergencies as a source of water.
Pursuant to § 25-32d-1 (c)(3) of the Regulations of Connecticut State Agencies, water companies serving 1,000 or more persons shall submit a revised plan at least once every five years or more often if the company or the department deems it necessary. In April 1998, pursuant to this regulation, the City and the Town submitted revised water supply plans for review by the DPH.
Count one alleges that the City, the Town and the State of Connecticut continue to use the plaintiffs property in their 1988 and 1989 water supply plans without the plaintiffs consent. Count one further alleges that the DPH's approval of the City's 1988 water supply plan and the Town's 1989 water supply plan along with the DPH's review of the City and the Town's 1998 water supply plans has caused the plaintiff irreparable harm and deprived and substantially interfered with the plaintiffs use and enjoyment of its property. Pursuant to count one, the plaintiff seeks a temporary and permanent injunction enjoining the City and the Town from identifying the plaintiffs property in their present or future water supply plans without the plaintiffs consent. The plaintiff also seeks a temporary and permanent injunction enjoining the DPH from approving the use of the plaintiffs property in any water supply plan without the plaintiffs consent.
 I THE DPH
On October 22, 1999, the DPH filed a motion to dismiss count one on the ground that the court lacks subject matter jurisdiction because the DPH has sovereign immunity against the plaintiffs claim. In the alternative, the DPH moves to dismiss count one on the ground that the claims are not ripe for adjudication. On December 3, 1999, the Town and the City filed a joint motion to dismiss on the grounds that the court lacks subject matter jurisdiction because the case is not justiciable and it fails to state a prima facie case. The plaintiff opposes both motions to dismiss for similar reasons.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Internal quotation marks omitted.)Figueroa v. CS Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] CT Page 5655 must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Id. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996); Novicki v. New Haven, 47 Conn. App. 734, 739,709 A.2d 2 (1998). "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." Mayer v. Biafore, 245 Conn. 88, 91,713 A.2d 1267 (1998). "Mootness [also] implicates a court's subject matter jurisdiction and may be raised at any point in the judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821
(1996). "[C]ases that have become moot are ordinarily nonjusticiable . . ." Dawson v. Farr, 227 Conn. 780, 782, 632 A.2d 41 (1993). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
The DPH moves to dismiss count one on the ground that the court lacks subject matter jurisdiction because the DPH has sovereign immunity against the plaintiffs claim. The plaintiff counters that it alleges sufficient facts showing an inverse condemnation under article first, § 11, of the Connecticut constitution[4] and therefore its claims are not barred by sovereign immunity.
"[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant." (Citations omitted.)Sentner v. Board of Trustees, 184 Conn. 339, 342, 439 A.2d 1033 (1981). The Connecticut Supreme Court "has indicated on several occasions that the doctrine of sovereign immunity is not available to the state as a defense to claims for just compensation arising under article first, § 11, of the Connecticut constitution." Textron, Inc. v. Wood,167 Conn. 334, 342, 355 A.2d 307 (1974); Tamm v. Burns, 222 Conn. 280,283, 610 A.2d 590 (1992).
"To survive a motion to dismiss on the ground of sovereign immunity, a complaint must allege sufficient facts to support a finding of a taking of land in a constitutional sense." (Internal quotation marks omitted.)Tamm v. Burns, supra, 222 Conn. 284. "The word taken in article first, § 11 of our state constitution means the exclusion of the owner from his private use and possession, and the assumption of the use and CT Page 5656 possession for the public purpose by the authority exercising the right of eminent domain. . . . Although property may be taken without any actual appropriation or physical intrusion . . . there is no taking in a constitutional sense unless the property cannot be utilized for any reasonable and proper purpose . . . as where the economic utilization of the land is, for all practical purposes, destroyed. A constitutional taking occurs when there is a substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed. (Citations omitted; internal quotation marks omitted.) Tamm v.Burns, supra, 222 Conn. 284. "[M]ere governmental planning does not, as a matter of law, constitute a taking under article first, § 11, of the state constitution. . . ." Santini v. Connecticut Hazardous WasteManagement Service, 251 Conn. 121, 123, 739 A.2d 680 (1999).
Count one alleges that the DPH's approval of the City's 1988 water supply plan and the Town's 1989 water supply plan along with the DPH's review of the City and Town's 1998 water supply plans has caused the plaintiff irreparable harm and deprived and substantially interfered with the plaintiffs use and enjoyment of its property. Count one cites General Statutes § 25-32d and § 25-32d-1 of the Regulations of Connecticut State Agencies. As previously stated, these sections merely require water companies to submit water supply plans. They do not restrict or regulate the use of any property identified in any water supply plan, and they do not prevent the sale or development of any property identified in any water supply plan. See General Statutes §25-32d; § 25-32d-1 of the Regulations of Connecticut State Agencies.
The court finds as a matter of law that the DPH's conduct consisted of nothing more, in a constitutional sense, than mere planning, as required under General Statutes § 25-32d and § 25-32d-1 of the Regulations of Connecticut State Agencies. See Santini v. ConnecticutHazardous Waste Management Service, supra, 251 Conn. 144. The facts alleged do not state the requisite level of government intrusion with private property rights to support a claim for inverse condemnation under article first, § 11, of the state constitution. See Tamm v.Burns, supra, 222 Conn. 288. The court therefore concludes that the plaintiffs claim is barred by sovereign immunity depriving the court of subject matter jurisdiction. See Tamm v. Burns, supra, 283. Accordingly, the court grants the DPH's motion to dismiss count one.
 II THE CITY AND THE TOWN
The City and the Town jointly move to dismiss count one on the grounds CT Page 5657 that the court lacks subject matter jurisdiction because the case is not justiciable and the complaint fails to state a prima facie case. The plaintiff counters that the motion does not challenge jurisdiction, but instead improperly challenges the merits of the case.
"Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. . . . Courts are established to decide actual controversies. . . ." (Citations omitted; internal quotation marks omitted.) American Premier Underwriters, Inc. v. National RailroadPassenger Corp., 47 Conn. App. 384, 388-89, 704 A.2d 243 (1997), cert. denied, 244 Conn. 901, 710 A.2d 174 (1998). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Pamela B. v. Ment, supra, 244 Conn. 311.
The plaintiff alleges that the DPH is still reviewing the City and Town's 1998 water supply plans. (Amended Complaint, Count One, ¶ 62.) Hence the DPH has not made a decision regarding these plans that injures the plaintiff. It is possible that the DPH will not approve the City and Town's water supply plans that identify the plaintiffs property as a future water supply source, thus making the plaintiffs claims moot. Since the administrative procedures are not complete, there is presently no actual controversy between the parties. The court therefore concludes that the elements of justiciability have not been met with respect to the City and the Town's 1998 water supply plans. See Pamela B. v. Ment, supra, 244 Conn. 311.
The court further concludes that the elements of justiciability have not been met with respect to the 1988 City and the 1989 Town's water supply plans because there is no actual controversy between the parties that is discernible to the court[5] and the matter is not capable of being adjudicated by judicial authority. See Pamela B. v. Ment, supra,244 Conn. 311. As previously discussed in part I, the court finds as a matter of law that the City and the Town's conduct consists of nothing more, in a constitutional sense, than mere planning, as required under General Statutes § 25-32d and § 25-32d-1 of the Regulations of Connecticut State Agencies. See Santini v. Connecticut Hazardous WasteManagement Service, supra, 251 Conn. 144. "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction"; Mayer v.Biafore, supra, 245 Conn. 91; and accordingly, the court grants the City and the Town's joint motion to dismiss.[6]
CT Page 5658
Peck, J.