[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In March 1995, the plaintiff Johnson Lee, a real estate developer, executed a stipulated judgment of strict foreclosure with BSB Greenwich Mortgage Ltd. (BSB) regarding a luxury condominium project in Greenwich that the plaintiff had developed. On April 28, 1995, the judgment was superseded when an amended judgment was ordered by the District Court for the District of Connecticut. The plaintiff hired the defendants, Stephen P. Wright and Harlow, Adams Friedman, P.C., a law firm, to represent his interests in the judgment which included a property option right to a remaining condominium unit.
In his complaint, filed on May 2, 2000, the plaintiff alleges that BSB violated the court order when BSB marketed and sold the remaining condominium unit to another buyer on April 17, 1998. The plaintiff alleges the defendants were negligent because they did not properly record the judgment on the land records of the town of Greenwich and, therefore, did not adequately protect his property option right to unit #1. The plaintiff claims that had the judgment been recorded, BSB would have been unable to convey the remaining condominium unit without the plaintiff's permission. The plaintiff has a pending federal action against BSB and brought this action against the defendants for legal malpractice.
The defendants filed a motion (#106) to dismiss the plaintiff's complaint on the ground of lack of subject matter jurisdiction. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book § 10-31(a)(1). "Subject matter jurisdiction involves the authority of the court to adjudicate the CT Page 14316 type of controversy presented by the action before it." (Internal quotation marks omitted.) Lewis v. Gaming Policy Board, 224 Conn. 693,698, 620 A.2d 780 (1993). A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Town of Branford, 247 Conn. 407, 411,722 A.2d 271 (1999). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997).
The defendants move to dismiss the complaint on the ground that the plaintiff's claim is nonjusticiable. The defendants assert that the plaintiff's underlying action against BSB has not been determined and therefore, the plaintiff has an alternative basis for relief The plaintiff argues that his claim against the defendants is ripe for adjudication because he continues to suffer present losses due to the defendants' alleged negligence.
"Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Mayer v. Biafore,Florek O'Neill, 245 Conn. 88, 91, 713 A.2d 1267 (1998). "The justiciability of a claim is related to its ripeness. The basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . ." (Internal quotation marks omitted.) CumberlandFarms, Inc. v. Groton, 46 Conn. App. 514, 517, 699 A.2d 310, rev'd on other grounds, 247 Conn. 196, 719 A.2d 465 (1998). "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." Mayer v. Biafore, Florek O'Neill, supra, 96.
The Supreme Court case of Mayer v. Biafore, Florek O'Neill, supra245 Conn. 88, explores this issue. In Mayer the plaintiff alleged the defendants committed legal malpractice for failure to file an action CT Page 14317 against his insurer. The Mayer Court stated that "[a]ll legal malpractice cases are based on underlying rights, for which the plaintiff originally sought legal representation. To require that the underlying dispute as to those rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiff's remedy against the allegedly negligent lawyer." Id., 92; see also Sosin v. Scinto, Superior Court, judicial district of New Haven at New Haven, Docket No. 419626 (January 6, 2000, Silbert, J.), aff'd, 57 Conn. App. 581,750 A.2d 478 (2000) ("in reversing the Appellate Court, the Supreme Court [in Mayer] indicated that the old rule that no legal malpractice case could go forward until the underlying claim had been adjudicated was not to be treated as absolute").
In the present case, the plaintiff would be unduly restricted if not permitted to move forward with his claim for legal malpractice against the defendants because the plaintiff is not guaranteed a full recovery in the pending federal action. Additionally, "[i]t is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 728, 724 A.2d 1084
(1999). Consequently, the plaintiff need not await a decision in his action against BSB before moving forward against the defendants. Accordingly, the defendants' motion to dismiss on the ground that the court lacks subject matter jurisdiction is denied.
So Ordered.
Dated at Stamford, Connecticut, this day 21st of November, 2000.
WILLIAM BURKE LEWIS, JUDGE T.R.