[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 101)
The plaintiff, Kenneth Lametta, filed a two count complaint on November 29, 2000, alleging legal malpractice and breach of contract against the defendants, Amy Todisco (Todisco) and Braunstein Todisco, LLC (Braunstein), arising from the defendants' allegedly negligent drafting of a note and mortgage. The malpractice claim is based on the following events. In November, 1998, J.E.M., Inc. (J.E.M.) intended to acquire certain real property located in Meriden, Connecticut. J.E.M. agreed to acquire the property for approximately $1,550,000 but needed funding to complete the purchase. Lametta alleges that in exchange for a loan in excess of the purchase price of the property, J.E.M. agreed to execute a promissory note and mortgage deed on the property in the amount of $4 million to secure repayment to Lametta. The note and mortgage drafted by Todisco and Braunstein failed to refer to the fact that the loan was not in the full amount of $4 million or that future advances might be made.
Lametta delivered approximately $1,550,000 to J.E.M. at the closing. After the closing, additional sums were loaned by Lametta to J.E.M. totaling approximately $190,000. J.E.M. filed a bankruptcy action and brought an adversary proceeding against Lametta in the United States Bankruptcy Court alleging that because the note fails to state that the loan was for less than $4 million and the mortgage fails to contain a clause covering subsequent advances, the note and mortgage are invalid. J.E.M. argues that because the note and mortgage are invalid, Lametta's lien on J.E.M.'s property should be found void, and that the property should be transferred to the bankruptcy estate for the benefit of J.E.M.'s creditors.
Todisco and Braunstein filed a motion to dismiss on January 19, 2001, on the grounds that the cause of action is premature and nonjusticiable. Lametta filed an objection to the motion to dismiss on February 14, 2001, asserting that the claims for legal malpractice sounding in tort and contract are ripe for adjudication and, therefore, the court has subject matter jurisdiction over Lametta's claims.
"The motion to dismiss, tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) Mayer v. Biafore,Florek O'Neill, 245 Conn. 88, 91, 713 A.2d 1267 (1998). "The justiciability of a claim is related to its ripeness. The basic rationale CT Page 7446 [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . ." (Internal quotation marks omitted.) CumberlandFarms, Inc. v. Groton, 46 Conn. App. 514, 517, 699 A.2d 310, rev'd on other grounds, 247 Conn. 196, 719 A.2d 465 (1998).
Todisco and Braunstein argue that, unlike Mayer v. Biafore, Florek O'Neill, their actions have not clearly and finally foreclosed a valuable right. In fact, they argue Lametta has many alternative and viable remedies to pursue before his claim against Todisco and Braunstein may be considered ripe and justiciable. Additionally, Todisco and Braunstein argue that even though Lametta has entered into a preliminary settlement agreement with J.E.M., the issue of damages cannot be determined until the estate of J.E.M. has been discharged.
Lametta argues that, according to Mayer v. Biafore, Florek O'Neill, requiring Lametta to resolve the dispute underlying his legal malpractice action against Todisco and Braunstein would unduly restrict his remedy against these two defendants. Additionally, Lametta argues that he is not required to avail himself of all alternative theories of recovery before instituting a viable malpractice action against the defendants.
In Mayer v. Biafore, Florek O'Neill, supra, 245 Conn. 88, the attorney allegedly failed to meet the statute of limitations for filing an uninsured motorist claim. The Mayer court stated that "[a]ll legal malpractice cases are based on underlying rights, for which the plaintiff originally sought legal representation. To require that the underlying dispute as to those rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiff's remedy against the allegedly negligent lawyer. Here, because the trier of fact hearing the plaintiff's malpractice case must determine, on the basis of proper instructions as to the law, whether an uninsured motorist action is time barred, there is no need for a prior determination that the statute of limitations has run as a condition precedent to the plaintiff pursuing this case." Id., 92.
"There is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties. (Internal quotation marks omitted.) Drabik v. East Lyme,234 Conn. 390, 398, 662 A.2d 118 (1995). In the present case, this court takes judicial notice of the bankruptcy court's order of January 22, 2001 that entered prior to the defendants' objection to the motion to dismiss. The court finds that the January 22, 2001 order by the bankruptcy court resolves the underlying dispute and, therefore, the damages are no longer contingent. Accordingly, defendant's motion to dismiss is denied. CT Page 7447
SKOLNICK, J.