[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 101)
The plaintiff, Anthony Santos, filed a single count complaint sounding in legal malpractice on January 19, 2001, against the "defendant, Kurt Ahlberg, arising from the defendant's alleged negligence in failing to deposit money in an escrow account. The plaintiff alleges that the defendant was hired to act as the plaintiff's attorney in a real estate closing. In accordance with the sales contract, the defendant received a $37,500[1] check from the buyer as a deposit on the purchase of the property. The sales contract entered into by the plaintiff and buyer provided for the retention of $37,500 by the plaintiff as liquidated damages in the event the buyer defaulted. The defendant failed to deposit the $37,500 check into a trustee account before the buyer defaulted and stopped payment on the check. CT Page 7438
The defendant filed a motion to dismiss on February 9, 2001, on the ground that the cause of action is nonjusticiable because there is an equivalent and viable remedy that may be pursued by the plaintiff. The plaintiff filed an objection to the motion to dismiss on February 23, 2001, arguing that the claim for legal malpractice is justiciable. The defendant filed a reply to the plaintiff's objection on March 15, 2001.
"The motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) Mayer v. Biafore,Florek O'Neill, 245 Conn. 88, 91, 713 A.2d 1267 (1998). "The justiciability of a claim is related to its ripeness. The basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . ." (Internal quotation marks omitted.) CumberlandFarms, Inc. v. Groton, 46 Conn. App. 514, 517, 699 A.2d 310, rev'd on other grounds, 247 Conn. 196, 719 A.2d 465 (1998). "In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." Mayer v. Biafore,Florek O'Neill, supra, 245 Conn. 92.
The defendant argues that the plaintiff's claim for legal malpractice is premature because the plaintiff could pursue a different cause of action, such as breach of contract against the defaulting buyer, and therefore, the plaintiff cannot demonstrate than he has been damaged by the defendant's alleged conduct. The plaintiff argues that, according toMayer v. Biafore, Florek O'Neill, supra, a plaintiff does not, in all cases, need to pursue the underlying action before commencing a claim against the allegedly negligent attorney. The plaintiff argues that this situation is one of the cases where the plaintiff's claim of legal malpractice against the defendant is ripe even though the plaintiff has not exhausted all potential claims against the other party in the underlying transaction.
In Mayer v. Biafore, Florek O'Neill, supra, 245 Conn. 89, the attorney allegedly failed to meet the statute of limitations for filing an uninsured motorist claim. The Mayer court stated that "[a] 11 legal malpractice cases are based on underlying rights, for which the plaintiff CT Page 7439 originally sought legal representation. To require that the underlying dispute as to those rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiff's remedy against the allegedly negligent lawyer. Here, because the trier of fact hearing the plaintiff's malpractice case must determine, on the basis of proper instructions as to the law, whether an uninsured motorist action is time barred, there is no need for a prior determination that the statute of limitations has run as a condition precedent to the plaintiff pursuing this case." Id., 92.
Here the defendant's independent act or omission, failure to protect the plaintiff's rights by failing to place the check in a trustee account in a timely manner, is not dependent upon the buyer's breach of contract. Similar to Mayer, there is no need to determine whether the buyer breached the sales contract as a condition precedent to the plaintiff pursuing a cause of action against the defendant for legal malpractice.
Furthermore, subsequent to the Mayer decision, several trial courts addressing situations similar to the present case have found legal malpractice cases ripe even though the plaintiff had not exhausted all remedies against the person in the underlying transaction. Lee v.Harlow, Adams Friedman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 177988 (November 21, 2000,Lewis, JTR.); Taylor v. Baker, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 79622 (June 6, 2000, DiPentima, J.) (27 Conn.L.Rptr. 337, 338).
In Lee, The plaintiff, a real estate developer, entered into a stipulated judgment of strict foreclosure with a third party, a mortgage company. The stipulated judgment preserved the plaintiff's option right to a condominium unit. The plaintiff hired the defendant attorneys to protect his interests in the judgment. The defendant attorneys allegedly failed to record the stipulated judgment, thus allowing the third party to violate the judgment and sell the condominium unit to another buyer. The plaintiff filed suit against the defendants for legal malpractice and a federal action against the third party. The defendants argued that the legal malpractice action had not ripened because the plaintiff's underlying action against the third party had not concluded and therefore, the plaintiff had an alternative basis for relief. The court denied the motion reasoning that "the plaintiff would be unduly restricted if not permitted to move forward with his claim for legal malpractice against the defendants because the plaintiff is not guaranteed a full recovery in the pending federal action. Additionally, [it] is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be CT Page 7440 indulged. . . . Consequently, the plaintiff need not await a decision in his action against [the third party] before moving forward against the defendants." (Citation omitted; internal quotation marks omitted.) Leev. Harlow, Adams Friedman, supra, Superior Court, Docket No. 177988.
In Taylor, the defendant law firm, while representing the plaintiff in an agreement to accept the transfer of stock from a third party as payment for real estate, allegedly failed to properly investigate and confirm representations and warranties made by the third party concerning the stock to the plaintiff which later proved to be false. The plaintiff, instead of suing the third party, brought suit against the defendant law firm for legal malpractice. The defendant law firm argued that the legal malpractice action should be dismissed because the plaintiff had not pursued his claim against the third party, and therefore, the plaintiff could not demonstrate that the defendant caused his damages. The court, holding otherwise, reasoned that "[t]he plaintiff is not required to resolve all underlying disputes before he may file a legal malpractice action, even though the issues of causation and damages are contested." Taylor v. Baker, supra, 27 Conn.L.Rptr. 338, citingMayer v. Biafore, Florek O'Neill, supra, 245 Conn. 92.
Accordingly, this court concludes that the plaintiff need not resolve the underlying dispute before filing a legal malpractice action against the defendant. The plaintiff has adequately alleged damages and met the criteria for asserting a legal malpractice claim. Therefore, the plaintiff's legal malpractice claim against the defendant is ripe for adjudication and the defendant's motion to dismiss is denied.
SKOLNICK, Judge.