[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The plaintiffs in this action have filed a three count complaint against the defendants asserting a negligence claim in count one, breach of contract in count two and CUTPA violation in count three. The defendants filed a motion to strike the CUTPA count arguing that it is legally insufficient to support a violation of CUTPA. In pleading the CUTPA count, the plaintiffs incorporated paragraphs one through fifteen of the first count which includes allegations of professional malpractice, and further allege that as a result of those foregoing acts, the defendant engaged in unfair or deceptive acts or practices in the conduct of his trade or commerce and as a result the plaintiffs have been damaged.
The defendants correctly rely upon Haynes v. Yale New Haven Hospital,243 Conn. 17, 35-36, 699 A.2d 964 (1997) and Beverly Hills Concepts.Inc. v. Schatz and Schatz, Ribicoff Kotkin, 247 Conn. 48, 79,717 A.2d 724 (1998) for the proposition that a claim of professional negligence is insufficient to state a cause of action under CUTPA. InHaynes, the court held, "[w]e conclude that professional negligence — that is, malpractice — does not fall under CUTPA." Id., 34. The court further held that "CUTPA covers only the entrepreneurial or commercial aspects of the profession of law." Id., 35. In Beverly HillsConcepts, the supreme court reaffirmed that "professional malpractice does not give rise to a cause of action under CUTPA." Id., 79. In doing so, it again also reaffirmed that "in general, CUTPA applies to the conduct of attorneys . . . The statute's regulation of the conduct of any trade or commerce does not totally exclude all conduct of the profession of law . . . [however] only the entrepreneurial aspects of the practice of law are covered by CUTPA." (Citations omitted; internal quotation marks omitted.) Id. 79; see also Suffield Development Associates Ltd.Partnership v. National Loan Investors, L.P., 260 Conn. 766, 781,___ A.2d ___ (2002) (reaffirming the same). "The entrepreneurial exception is just that, a specific exception from CUTPA immunity for a well-defined CT Page 12404 set of activities [such as] advertising and bill collection, for example." (Internal quotation marks omitted.) Suffield DevelopmentAssociates Ltd. Partnership v. National Loan Investors, L.P., supra,260 Conn. 782.
The plaintiffs attempt to distinguish their case by stating that they are not claiming inadequate acts by the defendant, but rather a lack of action, namely "the omission to act and the lack of robust representation." (Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, p. 3.) This court finds no legal distinction between the two. "In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." (Emphasis added.) Mayer v. Biafore, Florek O'Neill, 245 Conn. 88,92, 713 A.2d 1267 (1998). The plaintiff's claim of an "omission" is a claim of malpractice.
Based upon the foregoing, the court grants the defendants' motion to strike the third count because the facts as alleged give rise to a claim of legal malpractice which does not fall under CUTPA.
KARAZIN, J. CT Page 12405