GUERNSEY, Chief Judge.
The Plaintiff filed this appeal on March 26, 2002 pursuant to MTO 95-6, challenging the Final Decision of the Director of Regulation revoking his Gaming license after a hearing held March 5, 2002. The Plaintiff, appearing pro *e in this appeal, did not appear for the March 5, 2002 hearing and claims he never received notice of the same. The Hearing Officer, in his decision, ordered that “Mr. Figueroa’s gaming license is to be suspended due to his failure to appear for a hearing after receiving proper notice.”
By Notice of Compliance dated May 1 2002, the Defendant claimed to have complied with the requirements, of MTO 95-2 Section 2(g) by delivery of a certified; copy of the transcript of proceedings and a copy of the agency’s findings of fact and conclusions of law. Apparently as a result of Mr. Figueroa’s failure to appear at the hearing, the actual proceeding was quite abbreviated, and consisted merely of an MTGC investigator reading into the record a letter dated February 19, 2002 giving notice of the March 5, 2002 hearing, and further reading by the investigator of excerpts from what is represented to be a printout from the Department of Special Revenue’s criminal history of Mr. Figueroa. This criminal history apparently was not, entered into the record. Although a copy of the letter of February 19, 2002 is provided, the record lacks the documents listed in the Hearing Officer’s Findings of Fact, Paragraph 4.
Interestingly, the Plaintiffs claim that he never received notice of the hearing is supported, rather than refuted, by the inadequate record supplied by the Defendant, It appears that, despite the conclusion that “Respondent was notified by Certified Mail at his recorded address of 130 Laurel Hill Avenue, Norwich, CT ... ”, no return receipt was received by the Defendant, at least as of the date of hearing. (Findings of Fact, Paragraph 3). The Exhibits attached to Defendant’s Memorandum of Law dated July 16, 2002, (some of which should have formed a part of the certified record) by including only a copy of the receipt showing the sending, not the receiving, of the notice of hearing, strongly suggest that no signed receipt was ever received. As to whether the letter itself was returned unclaimed to the Defendant subsequent to the March 5, 2002 hearing, the Defendant’s record and brief are silent. The Court notes that, had the letter been returned unclaimed to the Defendant, it would clearly constitute a part of the “entire record of the proceeding appealed from”, MTO 95-6, Section 2(g), and its exclusion therefrom would constituted a *507 serious irregularity in procedure. MTO 95-6, Section 2(i).
The decision of the Hearing Officer is similarly ambiguous. Although the Hearing Officer’s Order plainly states that the revocation of Plaintiffs Gaming license is based on his failure to appear at the March 5, 2002 hearing, his Findings of Fact suggest that the Order is based on the Plaintiffs past criminal history (which was not made a part of the record).
But for this Court's decision in a companion case, Edwin Figueroa, II v. Office of the Director of Regulation, GDTC-AA-02-131 (hereinafter Figueroa II), the glaring deficiencies in the record alone would justify the remand of this matter, as would the inconsistencies in the Notice of Decision. However, principles of justiciability are implicated by the decision in Figueroa. II:
“Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute ... (2) that the interests of the parties be adverse ... (3) that the matter in controversy be capable of being adjudicated by judicial power ... and (4) that the determination of the controversy will result in practical relief to the complainant.” (Internal quotation marks omitted.) Mayer v. Biafore, Florek and O’Neill, 245 Conn. 88, 91, 713 A.2d 1267 (1998), quoting Pamela B. v. Ment, 244 Conn. 296, 311, 709 A.2d 1089 (1998)
In Figueroa II, the same Plaintiff appealed from the revocation of his gaming license arising from his actions on, oddly enough, the same day as the Hearing in the instant case. The decision of this Court affirming the action of the Office of the Director of Regulation in revoking the Plaintiffs gaming license in Figueroa II clearly prevents any practical relief being afforded the Plaintiff as a result of the determination of the issues presented in this case.
Accordingly, Plaintiff s Appeal is hereby dismissed solely on grounds of lack of jus-ticiability.