******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMMAR A. IDLIBI *v.* JEREMIAH
NII AMAA OLLENNU
(AC 42697)

Elgo, Alexander and Devlin, Js.

*Syllabus*

The plaintiff sought damages from the defendant attorney for abuse of
process, legal malpractice, malicious prosecution, and negligent and
intentional infliction of emotional distress, arising out of his conduct
during his representation of the plaintiff's former spouse, C, in her
marital dissolution action against the plaintiff. The plaintiff alleged that
the defendant knowingly notarized a fraudulent interrogatory response
by C, counseled C to provide false testimony to a police detective that
the plaintiff had assaulted her, and failed at any time to correct C's
false testimony under oath regarding the alleged assault. The trial court
granted the defendant's motion to dismiss, finding that the plaintiff did
not have an attorney-client relationship with the defendant and that the
defendant's conduct was protected by the doctrine of litigation privilege.
On the plaintiff's appeal to this court, *held*:

1. The trial court erred in dismissing the plaintiff's abuse of process claim
   on the ground of the litigation privilege, as the claim was not within
   the scope of the privilege.
2. The trial court properly found that, as the plaintiff at no time had an
   attorney-client relationship with the defendant, the plaintiff lacked
   standing to bring a legal malpractice claim against him.
3. The trial court erred in dismissing the plaintiff's malicious prosecution
   claim on the ground of the litigation privilege, as the claim was not
   within the scope of the privilege.
4. The trial court properly found that the plaintiff's claims of negligent and
   intentional infliction of emotional distress were barred by the litigation
   privilege, as the defendant's conduct was privileged pursuant to *Simms*
   v. *Seamen* (308 Conn. 523) and *Stone* v. *Pattis* (144 Conn. App. 79).

Submitted on briefs May 10—officially released July 6, 2021

*Procedural History*

Action to recover damages for, inter alia, abuse of
process, and for other relief, brought to the Superior
Court in the judicial district of New Britain, where the
court, *Aurigemma, J.*, granted the defendant's motion
to dismiss; thereafter, the court denied the plaintiff's
motion to reargue, and the plaintiff appealed to this
court. *Affirmed in part; reversed in part; further proceedings*.

*Ammar A. Idlibi*, the appellant, submitted a brief
(plaintiff).

*Opinion*

DEVLIN, J. The self-represented plaintiff, Ammar A. Idlibi, appeals from the judgment of the trial court dismissing his complaint against the defendant, Jeremiah Nii Amaa Ollennu, in its entirety. On appeal, Idlibi claims that the court erred by granting Ollennu's motion to dismiss. We reverse, in part, the judgment of the trial court.

The present case is Idlibi's third appeal to this court arising from the dissolution of his marriage to his former wife, Katie N. Conroy. Conroy commenced a marital dissolution action on May 26, 2015. Ollenu represented Conroy in the dissolution proceedings. On August 15, 2016, following a trial, the trial court, *Carbonneau, J.*, rendered judgment dissolving the parties' marriage and issuing financial orders. *Conroy* v. *Idlibi*, Superior Court, judicial district of New Britain, Docket No. FA-15-6029313-S (August 15, 2016), aff'd, 183 Conn. App. 460, 193 A.3d 663, cert. denied, 330 Conn. 921, 194 A.3d 289 (2018). Idlibi appealed from the dissolution judgment, claiming that "the court erred (1) by finding that neither party bore greater responsibility for the breakdown of the marriage and (2) in making financial awards that were favorable to [Conroy]." *Conroy* v. *Idlibi*, 183 Conn. App. 460, 461, 193 A.3d 663, cert. denied, 330 Conn. 921, 194 A.3d 289 (2018). This court affirmed the judgment of the trial court.[1] Id. Our Supreme Court then denied Idlibi's petition for certification to appeal. *Conroy* v. *Idlibi*, 330 Conn. 921, 194 A.3d 289 (2018). Thereafter, Idlibi moved to open the dissolution judgment, alleging that Conroy committed fraud in (1) denying, in an interrogatory, that during the marriage, she had sexual relations with someone other than her spouse, and (2) falsely testifying that Idlibi had assaulted her. *Conroy* v. *Idlibi*, 204 Conn. App. 265, 266, A.3d (2021). Idlibi alleged that Conroy had told Ollennu, her attorney, that she was having sexual relations with another man, and that, despite having this knowledge, Ollennu notarized the interrogatory response denying the same. Id., 291 n.2. (*Flynn, J.*, dissenting). The trial court denied the motion to open and, in a divided opinion, this court affirmed. Id., 266. Idlibi's petition for certification to appeal was granted in part by our Supreme Court. *Conroy* v. *Idlibi*, Conn. , A.3d (2021).

On December 21, 2018, Idlibi instituted the present action against Ollennu, alleging various legal claims arising from his alleged role in Conroy's purportedly false interrogatory response and false testimony that Idlibi had assaulted her. Specifically, Idlibi alleges that Ollennu committed (1) abuse of process, (2) legal malpractice, (3) malicious prosecution, (4) negligent infliction of emotional distress, and (5) intentional infliction of emotional distress. On February 19, 2019, Ollennu, pursuant to Practice Book § 10-30, filed a motion to

dismiss Idlibi's complaint.[2] On February 27, 2019, the court granted Ollennu's motion, dismissing the complaint in its entirety on the grounds that (1) Idlibi did not have an attorney-client relationship with Ollennu, and (2) the doctrine of absolute immunity applies to Ollennu's conduct. On March 7, 2019, Idlibi, pursuant to Practice Book § 11-12, filed a motion to reargue. That motion was denied by the court. Idlibi then appealed to this court, claiming that the trial court erred by granting Ollennu's motion to dismiss.[3] Additional facts will be set forth as necessary.

"[Our] review of the trial court's ultimate legal conclusion and resulting [decision to] grant [a] motion to dismiss will be de novo. . . . In any consideration of the trial court's dismissal, we take the facts as alleged in the complaint as true and [construe] them in a manner most favorable to the pleader." (Citation omitted; internal quotation marks omitted.) *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 395, 21 A.3d 451 (2011). "As the doctrine of absolute immunity concerns a court's subject matter jurisdiction . . . we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. . . . The question . . . is whether the facts as alleged in the pleadings, viewed in the light most favorable to the plaintiff, are sufficient to survive dismissal on the grounds of absolute immunity. . . . Our case law differentiates between actions based on alleged misconduct by an attorney in his role as advocate, such as defamation and fraud, and actions that challenge the underlying purpose of the litigation itself, such as vexatious litigation and abuse of process. . . . For the former category, the law protects attorneys from suit in order to encourage zealous advocacy on behalf of their clients, unrestrained by the fear of exposure to tort liability." (Citations omitted; internal quotation marks omitted.) *Perugini* v. *Giuliano*, 148 Conn. App. 861, 873, 89 A.3d 358 (2014). With these principles in mind, we review each count of Idlibi's complaint in turn.

I

ABUSE OF PROCESS

In the first count of his complaint, Idlibi alleges that Ollennu "misused the legal process . . . to accomplish the unlawful ulterior purpose of misleading the [trial] court and winning the [dissolution] case." Specifically, Idlibi claims that Ollennu "abus[ed] the legal process of sworn [i]nterrogatories . . . in an improper manner for the ulterior purpose of presenting false evidence [to] the court." The court dismissed this claim, finding that it was "barred by the doctrine of absolute immunity/litigation privilege."[4]

"Connecticut has long recognized the litigation privilege. . . . The general rule is that defamatory words

spoken [on] an occasion absolutely privileged, though spoken falsely, knowingly, and with express malice, impose no liability for damages recoverable in an action in slander . . . . [T]he privilege extends to judges, counsel and witnesses participating in judicial proceedings . . . and acts of [s]tate. . . . [T]he privilege was founded [on] the principle that in certain cases it is advantageous for the public interest that persons should not be in any way fettered in their statements, but should speak out the whole truth, freely and fearlessly. . . . [Our Supreme] [C]ourt described the privilege as being rooted in the public policy that a judge in dealing with the matter before him, a party in preparing or resisting a legal proceeding, [or] a witness in giving evidence in a court of justice, shall do so with his mind uninfluenced by the fear of an action for defamation or a prosecution for libel. . . . This jurisdiction also has recognized the importance of access to the courts and the existence of remedies other than lawsuits as reasons for granting absolute immunity to attorneys for making allegedly defamatory statements." (Citations omitted; internal quotation marks omitted.) *Simms* v. *Seaman*, 308 Conn. 523, 536–40, 69 A.3d 880 (2013).

The coverage afforded by the litigation privilege, however, is not without its limits. Our Supreme Court has held that in "an abuse of process case . . . attorneys are not protected by absolute immunity against claims alleging the pursuit of litigation for the unlawful, ulterior purpose of inflicting injury on the plaintiff and enriching themselves and their client, despite knowledge that their client's claim lacked merit, because such conduct constituted the use of legal process in an improper manner or primarily to accomplish a purpose for which it was not designed." Id., 540–41. In an abuse of process action, "the exigencies of the adversary system have not been deemed to require absolute immunity for attorneys." *Mozzochi* v. *Beck*, 204 Conn. 490, 495, 529 A.2d 171 (1987). Accordingly, "an attorney may be sued for misconduct by those who have sustained a special injury because of an unauthorized use of legal process." Id.

In the present case, taking the facts as alleged in the first count of the complaint as true and construing them in a manner favorable to the pleader, we conclude that Idlibi alleges a claim of abuse of process against Ollennu.[5] Because such a claim is not within the scope of the litigation privilege, we conclude that the court erred in dismissing the claim on this ground. Accordingly, we reverse the judgment of the court as to the abuse of process claim in count one.

## II

### LEGAL MALPRACTICE

In the second count of his complaint, Idlibi alleges that Ollennu engaged in legal malpractice by "deviat[-

ing] from the [requisite] standard of care by violating the Rules of Professional Conduct . . . ." In dismissing the claim of legal malpractice, the court found that Idlibi lacked standing because he never had an attorney-client relationship with Ollennu. Lack of standing implicates the court's subject matter jurisdiction. See *Deutsche Bank National Trust Co.* v. *Thompson*, 163 Conn. App. 827, 831–32, 136 A.3d 1277 (2016).

It is well established that a plaintiff lacks standing to bring a legal practice action unless he or she can "establish . . . the existence of an attorney-client relationship . . . ." *Mayer* v. *Biafore, Florek & O'Neill*, 245 Conn. 88, 92, 713 A.2d 1267 (1998). Because it is clear that an attorney-client relationship at no time existed between Idlibi and Ollennu, we conclude that the court properly found that Idlibi lacked standing to bring a legal malpractice claim against Ollennu. Accordingly, we affirm the judgment of the court dismissing Idlibi's claim of legal malpractice.

### III

### MALICIOUS PROSECUTION

In the third count of his complaint, Idlibi alleges that Ollennu engaged in malicious prosecution. Specifically, he claims that Ollennu "counseled his client to mislead [a] police detective for the purpose of procuring the institution of criminal proceedings against [Idlibi]," and that "[b]y counseling his client to continue asserting an accusation of assault against [Idlibi], Ollennu procured the institution of criminal proceedings against [him]." The court dismissed this claim after finding that it was barred by the doctrine of litigation privilege.

As discussed previously, the coverage afforded by the litigation privilege is not limitless. In addressing the limits of the litigation privilege, our Supreme Court has specifically held "that absolute immunity does not bar claims against attorneys for . . . malicious prosecution." *Simms* v. *Seaman*, supra, 308 Conn. 541. "Both [malicious prosecution and abuse of process] deal with the same problem—the perversion of the legal system." 1 F. Harper et al., Harper, James and Gray on Torts (3d Ed. 2006) § 4.9, p. 561. The policy considerations that counsel in favor of extending absolute immunity to attorneys for claims of defamation or fraud do not support extending such immunity to abuse of process or malicious prosecution.

In the present case, taking the alleged facts as true and construing them in favor of the pleader, we conclude that Idlibi has alleged a claim of malicious prosecution against Ollennu.[6] Because a claim of malicious prosecution is not within the scope of the litigation privilege, the court erred in dismissing the malicious prosecution claim in count three on this ground. Accordingly, we reverse the judgment of the court in this regard.

## IV

### INFLICTION OF EMOTIONAL DISTRESS

In the fourth and fifth counts of his complaint, Idlibi alleges that Ollennu, through his conduct, either negligently or intentionally, inflicted emotional distress on him. Specifically, Idlibi claims that "[Ollennu's] conduct during [the meeting he and Conroy had with a police detective] not only procured the institution of criminal charges against [him], but also directly inflicted severe emotional distress and mental anguish on [him] . . . ." The court dismissed these claims after finding that they were barred by the doctrine of litigation privilege.

Our Supreme Court has held that claims alleging infliction of emotional distress that arise from the privileged conduct of an attorney are barred by the litigation privilege. See *Simms* v. *Seaman*, supra, 308 Conn. 569–70; see also *Petyan* v. *Ellis*, 200 Conn. 243, 246, 510 A.2d 1337 (1986) (holding that litigation privilege applies to claims of intentional infliction of emotional distress); *Stone* v. *Pattis*, 144 Conn. App. 79, 98, 72 A.3d 1138 (2013) (holding that litigation privilege applies to claims of negligent infliction of emotional distress).

In the present case, Ollennu's conduct on which Idlibi relies for these claims was privileged, as Ollennu was acting in his capacity as counsel for Conroy. Because Ollennu's conduct at issue here was privileged, we conclude that the court properly found that these claims were barred by the litigation privilege. Accordingly, we affirm the judgment of the court as to its dismissal of Idlibi's claims of negligent and intentional infliction of emotional distress.

The judgment is reversed only with respect to the dismissal of the abuse of process and malicious prosecution claims in counts one and three and the case is remanded for further proceedings according to law; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] This court dismissed as moot that portion of the appeal challenging the trial court's finding that if Idlibi obtained a monetary judgment against Conroy in a separate proceeding, that would be considered a significant change in circumstances warranting review of Idlibi's alimony obligation. *Conroy* v. *Idlibi*, supra, 183 Conn. App. 461 n.2.

[2] Practice Book § 10-30 provides in relevant part that "lack of jurisdiction over the subject matter" is a ground for dismissal.

[3] Ollennu did not file an appellate brief. Therefore, this appeal will be considered on the basis of Idlibi's brief and the record only.

[4] We note that the terms "absolute immunity" and "litigation privilege" historically have been used interchangeably by the courts. See *Simms* v. *Seaman*, 308 Conn. 523, 525 n.1, 69 A.3d 880 (2013).

[5] We express no view as to the legal sufficiency of this allegation.

[6] Again, we express no view as to the legal sufficiency of this allegation.